AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br><br>12828 N. Mountainside Dr. #101<br>Fountain Hills, AZ  85268 | Case No. 20-3262 MB |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before __November 18, 2020__ *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on criminal duty in the District of Arizona</u>.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for _30_ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 11-4-20 @ 1:24 p.m.       *M Morrissey*
                                                                                    *Judge's signature*

City and state: <u>Phoenix, Arizona</u>           <u>Honorable Michael T. Morrissey, U.S. Magistrate Judge</u>
                                                                                    *Printed name and title*

## ATTACHMENT A

*Property to be searched*

The property to be searched is 12828 N. Mountainside Dr., Unit #101, Fountain Hills, AZ, 85268, including vehicles located on the property and the person of Elliot Kerwin (collectively the "PREMISES"). The PREMISES are further described as a two-story townhouse residence, light beige in color and located directly north-west of Mountainside Drive and Andrew Drive, with the numbers "101" posted in large red-brown lettering to the left of the two-car garage, as well as posted to the left of front door.





# ATTACHMENT B

*Property to be seized*

1. The property to be seized at the PREMISES, including in any vehicles located at the PREMISES, is: all computers, tablets or other electronic devices including routers, modems, and network equipment used to connect computers to the Internet (the "SUBJECT DEVICES") which could be used as a means to commit violations of 18 U.S.C. § 1030 (computer intrusion) and 18 U.S.C. § 1030(b) & 371 (conspiracy to commit computer intrusion).

2. The SUBJECT DEVICES will then be searched for records relating to violations of 18 U.S.C. § 1030 (computer intrusion) and 18 U.S.C. § 1030(b) & 371 (conspiracy to commit computer intrusion), which occurred from October 21, 2020 through the present, specifically:

   a. Records, information, and communications relating to any login credentials, accounts, or other access to computer networks of Victim Office;

   b. Records, information, and communications with or relating to Victim Office, including voter registration records and information, including protected voters' information;

   c. Records, information, and communications relating to the transfer, sharing, or dissemination of voter registration records and information, including protected voters' information;

   d. Records, information, and communications relating to the unauthorized access to Victim Office's website and computer systems;

   e. Records, information, and communications relating to attempts or threats to damage or degrade Victim Office's computer systems, including through a denial-of-service attack, malicious software or other means;

    f. Records and information relating to the identity of a botnet;

    g. Records and information related to the identity or location of co-conspirators;

    h. Records and information relating to any e-mail or other communication accounts containing communications related to categories (a)-(g).

3.     For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

    a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

    c. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

    d. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

    e. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

    f. evidence of the times the COMPUTER was used;

g. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

h. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

i. records of or information about Internet Protocol addresses used by the COMPUTER;

j. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

k. contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.